WOODS, Respondent, v. KAUFFMAN AND KAUFF-
MAN, Appellants.

**St. Louis Court of Appeals, November 28, 1905.**

1. **IMPLIED CONTRACT: Head of Family: Domestic Service.**
   Where one renders domestic service for a family under condi-
   tions from which a contract for compensation may be implied,
   the husband who is the head of the family is liable on such con-
   tract, but not the wife.

2. ———: ———: ———. In an action for compensation for do-
   mestic service rendered to the family of defendants ·who are
   man and wife, the evidence is examined and held not sufficient
   to show a contract with the wife, but sufficient to support a
   judgment against the husband.

Appeal from St. Louis City Circuit Court.—*Hon. Wal-
ter B. Douglas,* Judge.

REVERSED AS TO ONE DEFENDANT AND AFFIRMED AS TO THE
OTHER.

*Campbell Cummings* and *William Baer* for appel-
ants.

(1)   The court erred in overruling defendant's de-
murrer to plaintiff's evidence as to Rachel Kauffman,
the wife.   (a)   Her demurrer at the close of plaintiff's
evidence was not wholly waived by her failure to renew
the demurrer at the close of the entire case, but will be
considered by the appellate court in view of all the
evidence in the case.   Klockenbrink v. Railway Co., 172
Mo. 678-683, 72 S. W. 900; Luckel v. Century Bldg. Co.,
177 Mo. 608-626, 76 S. W. 1035; Bank v. Cent. Tr. Co.,
179 Mo. 648-660, 78 S. W. 618; McPherson v. Railroad,
97 Mo. 253, 10 S. W. 846; Weber v. Cable Co., 100 Mo.
194, 12 S. W. 804, 13 S. W. 587; Eswin v. Railroad,
96 Mo. 294, 9 S. W. 577; Jennings v. Railroad, 112
Mo. 268, 20 S. W. 490.   (b)   There was no substantial

evidence in the entire case to fix personal liability on the wife. (2) A wife's promise at common law (prior to sec. 6864, R. S. 1899), is absolutely void and no personal judgment can be obtained against her. Bragg v. Israel, 86 Mo. App. 338; Gazolla v. McCann, 63 Mo. App. 414-420-421; Bland v. Windsor, 187 Mo. 108; Bruns v. Capstick, 46 Mo. App. 403; Bachman v. Lewis, 27 Mo. App. 403; Bauer v. Bauer, 40 Mo. 61-63; Higgins v. Peltzer, 49 Mo. 152-156; Musick v. Dodson, 76 Mo. 624-625; Ingram v. Nedd, 44 Vt. 462-464; Cummings v. Miller, 3 Grant's cases (Pa.) 146. (a) Under section 6869, Revised Statutes 1899 (sec. 4340, R. S. 1899), no personal judgment can be rendered against the wife, although her personal property is made liable for necessaries; and a personal judgment against her is erroneous. Harned v. Shores, 75 Mo. App. 500-506; Rogers v. Hopper, 94 Mo. App. 437-441, 68 S. W. 239; Latimer v. Newman, 69 Mo. App. 76-82. (b) A contract of a married woman made prior to 1889 (R. S. 1889, sec. 6864—new sec.), did not create even a dormant obligation which might be made effective by the Act of 1889. Van Rheeden v. Bush, 44 Mo. App. 283-285; McFerrin v. Kinney, 22 Mo. App. 554-561; Davis v. Smith, 75 Mo. 219-225. (3) Under identical wording of the statutes "to contract," the courts have held it necessary where family necessaries are furnished by the wife while living with her husband, that she "expressly" agree to pay for same before she can be personally liable—the law will not imply an agreement to pay. Nelson, Admr., v. O'Neal, 11 Ind. App. 296; Nelson, Admr., v. Spaulding, 11 Ind. App. 453; Lindholm v. Kane, 92 Hun 369-370-371; Kegney v. Ovens, 18 N. Y. St. Rep. 482; Winkler v. Schlager, 64 Hun 87; Strong v. Moul, 22 N. Y. State Rep. 762; Tiemeyer v. Turnquist, 85 N. Y. 516; Hallock v. Bacon, 45 N. Y. St. Rep. 484; Powers v. Russell, 26 Mich. 179-184; Shellon v. Holderness, 94 Ga. 671; Rushing v. Clancy, 92 Ga. 769-771; Israel v. Silsbee, 57 Wisc. 222-230; Nesbitt v. Stephenson, 4 Ky. Law Rep. 448; R. S. Ind. 1894,

sec. 6960, sec. 6962; R. S. Ind. 1901, sec. 6960, sec. 6962; Laws of New York, 1884, chap. 381, p. 465; Compiled Laws of Mich., 1871, vol. 2, sec. 4803, p. 1477; Compiled Laws of Mich., 1871, vol. 2, sec. 4806, p. 1478; Code of the State of Ga., vol. 2, 1895, sec. 2492, p. 252. (4) In the cases where the wife, known by the plaintiff to be such, has been held liable for family necessaries, purchased or received while she was living with her husband, the recoveries were supported by a special agreement on her part to pay for them, and such agreement was held to be necessary for the purpose, the rule in that respect is not modified by section 6864, Revised Statutes 1889. Laws of N. Y. 1884, chap. 381, p. 465; Lindholm v. Kane, 92 Hun 369; Tiemeyer v. Turnquist, 85 N. Y. 516. (5) Under section 4335, Revised Statutes 1899 (sec. 6864, R. S. 1889), no promise on the part of the wife will be implied, because she accepted the services and they enured to her benefit. Dempsey v. Wells, 109 Mo. App. 470, 84 S. W. 1015; Dolman v. Schlief, 179 Mo. 593, 78 S. W. 799.

*Clarence C. Ward* and *H. A. Loevy* for respondent.

If the jury was not misled, the judgment, if for the right party, will not be reversed. Alberger case, 117 Mo. 347, 23 S. W. 92; Long case, 91 Mo. 628; Moore v. Railway, 176 Mo. 547, 75 S. W. 672; Stone v. Vimont, 7 Mo. App. 277. The trial court cannot be charged with error in refusing a joint demurrer to the evidence when there is sufficient evidence to hold one of the defendants. A separate demurrer should have been asked by each of them to raise the question. Scott case, 50 Mo. App. 130, 135; Winson case, 50 Mo. 198; Noenninger case, 88 Mo. 589. But even a separate demurrer by her must have been overruled; her legal defense is coverture in 1882 and therefore disability to contract, but she did not plead coverture and therefore any instructions based on that status could not be given. Smoot v. Judd, 161 Mo.

673, 61 S. W. 854. And such separate demurrer must also have been overruled because the answer is a general denial while the instruction is asked on theory of confession and avoidance. Omohundro Case, 80 Mo. App. 313.

BLAND, P. J.—The plaintiff sued for twenty years' service as a domestic in the family of defendants. The answer was a general denial and a plea of the five-year statute of limitations.

The evidence shows that plaintiff is an epileptic, unable to read or write, or even count. She testified that in 1882, she went to defendant's place of business, on Olive street, in the city of St. Louis, to buy a trunk; that in a conversation with defendant Morris Kauffman, she complained of ill treatment at a boarding-house where she was then working; that he offered to take her in his employ and treat her well and she accepted his offer and entered into his service and continued to serve him as a domestic in his family for twenty years; that on account of ill treatment at his hands she ran away in 1904 and entered service in another family; that before she ran away she frequently threatened to leave and Kauffman would tell her she was bound to him; that she believed that she was bound to him and was afraid to leave; that in answer to all her demands for money, made from time to time during the period of her service, Mr. Kauffman would tell her he would put her money in the bank and get her a book and give it to her but he never did so.

Neighbors of the Kauffman family testified that plaintiff did the ordinary work of a domestic and that she seemed to be a faithful servant. One of the neighbors testified that Mrs. Kauffman told her that plaintiff had been a faithful servant and had helped to raise her family of children.

Plaintiff did not testify that there was any agree-

ment between her and Mr. Kauffman as to what her wages should be or that anything was said about paying her wages. The evidence shows that she was cheaply dressed while in Kauffman's service and that she was not paid any money wages whatever.

Defendants' evidence shows that Mr. Kauffman took plaintiff in, over the objection of his wife, through sympathy for her; that she had frequent epileptic fits and Mrs. Kauffman took care of her when she would have these spells; that she was incapable of doing ordinary housework and was too nervous and foolish to be trusted with children or to do any kind of work that required the least care or intelligence.

Morris Kauffman testified that when he took plaintiff in, he told her he did not make money enough to pay her any wages and that she said all she wanted was a home, that she did not want wages but wanted a home and to be well treated and that he took her in with that understanding.

1. Defendant Rachel Kauffman offered an instruction in the nature of a demurrer to plaintiff's evidence which the court refused. We think this instruction should have been given. There is not a ray of evidence in the record tending to show that Mrs. Kauffman at any time agreed to pay wages to plaintiff or that she hired plaintiff; on the contrary, the evidence is all one way that Mr. Kauffman engaged the plaintiff's services and that she was by him kept in the family as a servant over the protest of Mrs. Kauffman. Morris Kauffman is the head of the family and as such is primarily liable for the ordinary family expenses, including the hire of domestic servants.

The judgment as to Rachel Kauffman is reversed. We think there is abundant evidence in the record in support of the judgment for two thousand dollars against Morris Kauffman and no error appearing in the record calling for a reversal of the judgment as against him the same is affirmed. All concur.